CLIMAX SPINNING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7433.   Promulgated October 24, 1927.

ORDINARY AND NECESSARY EXPENSES.—An amount contributed by the petitioner toward the maintenance of the village baseball team during the year 1920 *held* not to have been an allowable deduction as an ordinary and necessary expense or otherwise.

*E. S. Parker, Jr., Esq.,* for the petitioner.
*A. R. Marrs, Esq.,* for the respondent.

The petitioner complains of a deficiency in the amount of $13,-433.36, income and profits taxes for the calendar year 1920, and alleged in the petition that in the determination of such deficiency the Commissioner disallowed a deduction of $2,187.09 as an ordinary and necessary expense and denied assessment under the provisions of section 328 of the Revenue Act of 1918. At the trial the claim for special assessment under section 328 was withdrawn.

### FINDINGS OF FACT.

During the year 1920 the petitioner was one of five corporations engaged in the operation of cotton mills in the village of Belmont, N. C. Belmont then had a population of about 3,000 people, between 800 and 900 of whom were employees of the five cotton mills.

By agreement among the directors and managers of these five mills it was arranged that the five mills should, acting together, finance a village baseball team during the season of 1920, each mill paying its proportion of the expense of maintaining such baseball team. A

manager for the team was hired and he employed players. Some of the players may have been employees of the cotton mills and other players were hired from outside the village. The ball team operated during the season of 1920 and the petitioner's share of the expense of financing the team was $2,187.09, which the petitioner paid and claimed as an expense deduction in its income-tax return for the year 1920. The Commissioner disallowed this deduction.

OPINION.

TRUSSELL: The record of this action contains much testimony concerning the business and labor conditions in the village of Belmont and in other neighboring towns where cotton mills and other industries are located. It also appears from the testimony that in the village of Belmont and neighboring towns the interest in baseball was at its height in the year 1920; that many of the other towns had ball teams which attracted the attention of mill employees and there was much enthusiasm for the town or village having a good ball team, and that after consultation between the directors, managers, and superintendents of the five mills at Belmont it was determined that it would be a good thing for the mills to have a ball team connected with their village and it was expected that the maintenance of the ball team would have a beneficial effect on the employees of the mills and result in a diminution of labor turnover.

It seems to be established that the management of the five Belmont mills went into this baseball enterprise very largely, if not fully, as a business proposition and in the expectation that the mills would profit as a result of the maintenance of the ball team.

The Revenue Act of 1918 provides that corporate taxpayers may deduct from gross income all the ordinary and necessary expenses of carrying on a corporate business, and there can be no proper question that the mangement of the corporation must be allowed a considerable latitude for the exercise of judgment as to what constituted ordinary and necessary expenses. On the other hand we believe it must be conceded that in the administration of the income-tax laws Congress intended that the administrative officer should have the power and authority to scrutinize claims for deductions from gross income to the end that the exercise of prudent business judgment on the part of corporate officers might not be abused to the extent of unreasonably reducing the amount of gains and profits which should be subject to the income tax. In the exercise of this discretion the Commissioner has disallowed the deduction which is the basis of this action and the Board must now review the Commissioner's action and determine whether the deduction should have been allowed.

In several cases already passed upon by the Board, we have allowed deductions from gross income of amounts disbursed by corporations for purposes not wholly connected with the operation of the business, and in discussing those cases we have seemingly adopted the rule that there is no hard and fast line between expense items which may be deducted and those which may not be deducted, and it has become a settled rule of the Board that each case of this character must stand upon its own individual merits.

Reviewing the evidence contained in this record, we are not impressed with the petitioner's contention that the maintenance of a village baseball team during the year 1920 in the village of Belmont was necessary to the successful operation of the petitioner's business during that year. It appears that any benefits flowing to the petitioner from the maintenance of such ball team are too remote to be capable of identification and the record in the instant case does not establish any benefits in the petitioner's business. We are, therefore, of the opinion that the deduction complained of was properly disallowed.

*The deficiency is $13,433.36. Judgment will be entered accordingly.*

Considered by LITTLETON, SMITH, and LOVE.