NATIONAL YARN MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 11619.   Promulgated February 29, 1928.

*Jesse I. Miller, Esq.*, and *J. L. Elliot, C. P. A.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

ARUNDELL: We have included in our findings of fact all of the facts found in *Climax Spinning Co.* v. *Commissioner*, 8 B. T. A. 970, and, in addition, other facts the substance of which was discussed in the Board's opinion in that case. After a very careful review of the facts we are constrained to conclude, as we did in the *Climax* case, that the amount contributed does not, on the facts here set forth, meet the test of the statute as an ordinary and necessary expense. We quote with approval our conclusion in the *Climax* case, as follows:

The Revenue Act of 1918 provides that corporate taxpayers may deduct from gross income all the ordinary and necessary expenses of carrying on a corporate business, and there can be no proper question that the management of the corporation must be allowed a considerable latitude for the exercise of judgment as to what constituted ordinary and necessary expenses. On the other hand we believe it must be conceded that in the administration of the income-tax laws Congress intended that the administrative officer should have the power and authority to scrutinize claims for deductions from gross income to the end that the exercise of prudent business judgment on the part of corporate officers might not be abused to the extent of unreasonably reducing the amount of gains and profits which should be subject to the income tax. In the exercise of this discretion the Commissioner has disallowed the deduction which is the basis of this action and the Board must now review the Commissioner's action and determine whether the deduction should have been allowed.

In several cases already passed upon by the Board, we have allowed deductions from gross income of amounts disbursed by corporations for purposes not wholly connected with the operation of the business, and in discussing those cases we have seemingly adopted the rule that there is no hard and fast line between expense items which may be deducted and those which may not be deducted, and it has become a settled rule of the Board that each case of this character must stand upon its own individual merits.

Reviewing the evidence contained in this record, we are not impressed with the petitioner's contention that the maintenance of a village baseball team during the year 1920 in the village of Belmont was necessary to the successful operation of the petitioner's business during that year. It appears that any benefits flowing to the petitioner from the maintenance of such ball team are too remote to be capable of identification and the record in the instant case does not establish any benefits in the petitioner's business. We are, therefore, of the opinion that the deduction complained of was properly disallowed.

We think there is little to add to the foregoing. In the matter of expenditures of this sort each case must stand on its own peculiar facts. There is always a twilight zone and it is often difficult to tell on which side contributions such as were here made will fall. All

expenditures may not be deducted under the Revenue Acts, but only such expenses as are ordinary and necessary may serve to reduce gross income, and while, as pointed out in our decision in the *Climax Spinning Co.* case, the right of corporate officers to determine this matter should not be lightly invaded, still we have no doubt that Congress intended that there should be an administrative review of such items. Contributions to religious and educational organizations are often made by corporations as a matter of civic pride and to gain the good will of the community, and yet Congress has limited the deduction of such amounts to individuals, and by them contributions may not be deducted in an amount in excess of 15 per cent of their net income. This contribution for the maintenance of the village ball team seems to us to fall rather in the category of a contribution for a civic enterprise and one prompted by civic pride rather than an ordinary and necessary expense incurred in the conduct of petitioner's cotton mill.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS dissents.